UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RICHARD PATTON, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:18-cv-00268-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY KIZZIAH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Richard Patton, Jr. is an inmate at the United States Penitentiary (USP) – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Patton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Respondent then filed a response to that petition, and Patton filed a reply. This matter is therefore ripe for a decision from this Court. For the reasons set forth below, the Court will deny Patton's petition.

On September 13, 2016, while Patton was incarcerated at the USP – Big Sandy in Inez, Kentucky, prison officials issued Patton an incident report, charging him with assaulting another inmate. Prison officials then amended the incident report and added a second charge—possession of a weapon. Shortly thereafter, on October 11, 2016, a disciplinary hearing officer (DHO) held a hearing and concluded that Patton had committed the charged offenses. As a result, the DHO ordered that Patton lose 56 days of good conduct time. The DHO also imposed other sanctions on Patton, including time in disciplinary segregation and the loss of commissary and phone privileges.

Patton appealed the DHO's decision to the warden at USP – Big Sandy, and the warden remanded Patton's incident report for a rehearing and further proceedings. Despite the warden's

decision, Patton continued to appeal the matter administratively within the Bureau of Prisons (BOP), filing appeals with the BOP's regional and central offices. At both levels, BOP officials noted that Patton's incident report had already been remanded for further proceedings, and the BOP's central office explained that once Patton's case was reheard, he could resubmit his appeal to the appropriate administrative level.

Nevertheless, before prison officials could rehear Patton's case, Patton filed a civil rights complaint with this Court. *See Richard Patton, Jr. v. K. Hall, et al.*, No. 7:17-cv-142-KKC (E.D. Ky. 2017). In that complaint, Patton alleged that several officials, including but not limited to the DHO, warden, BOP Regional Director, and BOP National Inmate Appeals Administrator, violated his due process and other rights in a variety of ways. *See id.* at R. 1. This Court, however, dismissed Patton's complaint and entered judgment in favor of the defendants. *See id.* at R. 19, 20. The United States Court of Appeals for the Sixth Circuit then affirmed this Court's judgment, explaining, among other things, that Patton was unable to show a violation of his due process rights. *See Patton v. Hall*, No. 18-5235, 2018 WL 7569342 (6th Cir. Aug. 7, 2018).

On October 22, 2018, less than one month after the Sixth Circuit issued its mandate, Patton filed his § 2241 petition in this case. [R. 1]. In that petition, Patton once again claimed that prison officials violated his due process rights during the 2016 prison disciplinary proceedings. [R. 1 at 4-5; R. 1-1 at 1-7]. Patton made this argument even though the Sixth Circuit already resolved this issue and prison officials still had not had the chance to rehear his disciplinary case.

In January 2019, the Respondent filed a response to Patton's petition. [R. 17]. The Respondent pointed out that, recently, in December 2018, prison officials reheard Patton's disciplinary case. Ultimately, the DHO once again concluded that Patton had committed the charged offenses and, therefore, he ordered that Patton lose 56 days of good conduct time and imposed other sanctions. [*Id.* at 6-7]. The Respondent then noted that Patton has not yet

2

appealed the DHO's December 2018 decision administratively within the BOP. [*Id.* at 8]. Still, the Respondent argues that prison officials did not violate Patton's due process rights and that there was enough evidence to support the DHO's latest decision. [*Id.* at 8-16].

Patton recently filed his reply brief, and he again claims that his due process rights were violated back in 2016. [R. 21]. Notably, Patton makes it clear that he is not asserting any claims related to the DHO's rehearing in December 2018; indeed, Patton specifically says that the rehearing "is not relevant in this matter" and that his "due process rights were violated in 2016." [*Id.* at 4]. Ultimately, Patton has asked this Court "secure [his] immediate release from unlawful custody" and "expunge [his] incident reports from prison records." [R. 1 at 8].

Patton's petition is simply without merit. This is because Patton claims that prison officials violated his due process rights back in 2016, but this Court has already resolved that matter and the Sixth Circuit affirmed the Court's judgment. In fact, the Sixth Circuit repeatedly stated that Patton was "unable to show that his due process rights were violated" and that this Court did not err in dismissing his complaint. *See Patton*, 2018 WL 7569342 at *1. Thus, Patton's present due process claims have already been fully adjudicated, and he cites no legal authority that would allow him to raise these claims once more via his latest petition.

Finally, Patton makes it clear that he is not asserting any claims related to the DHO's rehearing in December 2018, and, even if he did want to raise such claims, he would first have to exhaust his administrative remedies. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (indicating that a prisoner must fully exhaust his remedies within the BOP before he may seek habeas relief under § 2241). The undisputed evidence in the record makes it clear that Patton has not yet exhausted those remedies. [R. 17-1 at 7].

Accordingly, it is **ORDERED** that:

3

1. Patton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], which claims that prison officials violated his due process rights back in 2016, is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 1st day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge